FILED

**UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA TAMPA**    2016 JUN 29   PM 3: 53

Case No.: 8:16-cv-00403-EAK-TEM

Tracee Lawson

　　　Plaintiff,

V

Sutton et al

　　　Defendant,

## PLAINTIFFS' NOTICE OF SHOWING GOOD CAUSE OR, IN THE ALTERNATIVE, MOTION FOR DEFAULT JUDGMENT

　　　Pro Se Plaintiff Tracee Lawson pursuant to the Federal Rules of Procedures and the United States District Court Middle District of Florida Guide for Proceeding without a Lawyer, is ordered to SHOW CAUSE for failure to promptly apply to the clerk for entry of default pursuant to local Rule 1.07. The court also revealed that defendant failed to file a response to the complaint, all of which is in response to the courts

letter to the plaintiff dated June 16, 2016, ordering Pro Se Plaintiff Tracee Lawson directly to SHOW CAUSE in writing on or before June 30, 2016.

　　　Pro Se Plaintiff Tracee Lawson is respectfully filing this Notice of Showing Good Cause or, in the Alternative, Motion for Default and why this action should not be dismissed for lack of prosecution. As grounds thereof, Pro Se Plaintiff States:

INTRODUCTION

Pro Se Plaintiffs' Complaint alleges that the Defendant Joseph A. Sutton is liable for acts constituting infringement, willful intent, unfair trade practices, deception, copyright, trademark, similarity and punitive damages.

Local Rule 3.01 requires almost every motion to be accompanied by a statement from the movant that he has made a good faith effort to confer with the other party to resolve the motion and a statement that the other party either opposes it or does not oppose it.

Pro Se Plaintiff Tracee Lawson is respectfully asking the court to review the history of this case thus far, as follows:

1. February 4, 2016, Pro Se Plaintiff Tracee Lawson called Defendant Joseph A. Suttons' office and Defendant was not in the office.
2. February 4, 2016, Pro Se Plaintiff Tracee Lawson called Defendant Joseph A. Sutton on his cell phone listed on Defendants' business card, but got no answer.
3. February 4, 2016, Pro Se Plaintiff Tracee Lawson texted Defendant Joseph A. Sutton and identified herself. Defendant Joseph A. Sutton texted plaintiff back with a date for both the plaintiff and Defendant to communicate on Monday February 8, 2016 in the afternoon.
4. February 8, 2016 Pro Se Plaintiff Tracee Lawson did contact Defendant Joseph A. Sutton via cell phone, and identified herself. Defendant claim plaintiff had wrong number. Plaintiff refreshed defendant memory that defendant texted plaintiff and arranged for both the Defendant and Plaintiff to convers on Monday February 8, 2016 and Plaintiff informed the Defendant of conflict of interest and confusion of plaintiff product Jacket-pack-it and the defendants' inferior product Jacket-packet pets.
5. Defendant Joseph A. Sutton admitted he got a licensed contract with a lady in Florida, Plaintiff identified herself as the lady in Florida. Defendant Joseph A. Sutton then admitted that the lady is in Tampa Florida. Plaintiff Tracee Lawson identified that she is the lady in Tampa Florida. The Defendant Joseph Sutton then claimed it is a lady name Catie Mazure and that he would text me her name, and defendant did text Catie Mazure name to Plaintiff.
6. Prior to Defendant Joseph Sutton being served the summons, Defendant Attorney Ezra Sutton, Esq. presumptuously emailed the plaintiff Tracee Lawson acknowledging that they have studied

the complaint, although the plaintiff never told the defendant Joseph Sutton that she was going to file a complaint.(see attached letter A).

7. Pro Se Plaintiff retained Attorney Robert Garcia and consulted with him and gave him a copy of the filed complaint dated

8. March 10, 2016 Plaintiff Tracee Lawson Attorney Robert Garcia Emailed Defendant Joseph Sutton Attorney Ezra Sutton, Esq., making reference to the complaint filed against Defendant and, as well as, remedy to resolve this matter. (see attached letter 2)

9. April 26, 2016, plaintiff attorney respectfully thanked defendants' attorney for responding to plaintiffs' attorney emailed letter to defendants' attorney. (see attached letter 3)

10. May 5, 2016 plaintiff Tracee Lawson reached out to the defendants' attorney in an attempt to settle this matter. (see attached letter 4)

11. May 6, 2016 Plaintiff attorney spoke with Defendant attorney and the defendant attorney made mention that he believe his client will be willing to settle this matter. (see attached letter 5).

12. May 19, 2016 defendant and his company was served a summons, by New York City Sheriff Department, as evidence by the return of service summons on file with this court. (see attached affidavits)

13. June 16, 2016 Pro Se Plaintiff Tracee Lawson emailed Robert Garcia, PA that she's waiting for Defendant to respond to the summons in order to move forward.(see attached letter 6)

14. June 20, 2016 Pro Se Plaintiff Tracee Lawson emailed Robert Garcia, PA that she received a response from the court and that Pro Se Plaintiff Will be filing a motion with the courts pro se, but Plaintiff Tracee Lawson let Robert Garcia, PA that she will continue to use hid firms services for negotiations and litigation if this matter shall go to trial. (see attached letter 7)

Therefore, respectfully, the above consistent actions demonstrate that this case should not be resolved by Default Judgment, but rather an evidentiary hearing before the courts.

**MEMORANDUM OF LAW**

**I. GOOD CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION**

While Federal Rule 41(b) authorizes courts to dismiss cases for lack of prosecution,

involuntary dismissal "is a drastic remedy to which a court may resort only in extreme

*circumstances.*" Silas v. Sears, Roebuck & Co., Inc ., 586 F.2d 382 (5th Cir. 1978). In fact, only

where there is "a clear record of delay or contumacious conduct by the plaintiff" is an involuntary

dismissal appropriate. Durham v. Florida East Coast R. R. Co. , 385 F.2d 366, 368 (5th Cir.

1967). See also, e. g., Graves v. Kaiser Aluminum & Chemical Co. , 528 F.2d 1360 (5th Cir.

1976)

In the present case, the record is devoid of "delay or contumacious conduct" by Plaintiffs

to warrant the grave sanction of an involuntary dismissal. Rather, Plaintiffs have been steadfast

in their attempts to prosecute this case, to the point of plaintiff attorney and Defendant attorney

Based on these efforts alone this case should not be dismissed for lack of prosecution.

Plaintiff should not be held to the same standards as trained practitioners. As the Eleventh Circuit explained:

[A] district court which holds pro se litigants to the same standards as trained practitioners may end up routinely rejecting meritorious claims for failure to prosecute. This course we cannot approve. Unless the court is willing to guide pro se litigants through the obstacle course it has set up, or to allow them to skip some of the less substantive obstacles, it should not erect unnecessary procedural barriers which many pro se litigants will have great difficulty surmounting without the assistance of counsel. Kilgo v. Ricks 983 F.2d 189, 193-94 (11th Cir. 1993). Despite Defendant 's failure to respond to the summons, his obtaining an attorney to email the plaintiff in response to the phone conversation that took place with the defendant Joseph A Sutton and Plaintiff Tracee Lawson February 8, 2016 demonstrate that a hearing be set forth on the merits is more appropriate than a default judgment. "[P]rior cases leave some doubt as to whether a party's failure to appear for trial after an answer and appearance have been filed constitutes a default under Rule 55, Fed.R.Civ.P..." Franks v. Thomason , 4 B.R. 814,821-22 (N.D.Ga. 1980) ( citing Bass v. Hoagland , 172 F.2d 202 (5th Cir.), cert. denied , 338 U.S. 816 (1949). In fact, several 11th Circuit and pre-division 5th Circuit cases have held that once a defendant has answered and entered an appearance, a default judgment should not be entered. Although we have not had an appearance yet, the defendant presumptuously had his attorney email me in an answer in reference to my complaint to him over the phone, prior to being served and as mentioned earlier the defendants' attorney has been in contact with plaintiffs' attorney.

Rule 55, which governs default judgments, is not applicable when the defendant has answered the complaint and otherwise participated in the case. Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Systems, Inc., 803 F.2d 1130 (11th Cir. 1986). The Eleventh Circuit explained:

> Thus a court can enter a default judgment against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue. If the defendant has answered the complaint but fails to appear at trial, issue has been joined, and the court cannot enter a default judgment. However, the court can proceed with the hearing. If plaintiff proves its case, the court can enter judgment in plaintiff' favor.

## II. IN THE ALTERNATIVE, PLAINTIFFS MOVE THE COURT TO GRANT DEFAULT JUDGMENT IN FAVOR OF THE PLAINTIFFS

As evidenced by the facts described above, Defendant failed to respond to the summons, but did have his attorney presumptuously answer the complaint. However, neither the plaintiff' Attorney nor the Defendant Attorney been able to resolve this matter, therefore, Default judgment should therefore be entered against Defendant pursuant to Rule 55 of the Federal Rules of Civil Procedure. Plaintiffs request compensatory and punitive damages in this matter. As Plaintiffs' damages are not for a sum certain or an amount that can be made certain by computation, Rule 55(b) of the Federal Rules of Civil Procedure requires Plaintiffs to make this application to the court for a default judgment. Default judgment is appropriate here because Defendant, who was properly served with the summons and complaint, failed to defend. Plaintiffs have established this fact by affidavit. (refer back to New York City Sheriff affidavit of delivery to defendants).

As Plaintiffs' claim for compensatory and punitive damages is not for a sum certain, plaintiffs hereby respectfully request an evidentiary hearing pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure to establish their entitlement to damages. Plaintiffs' complaint respectfully reserves their right to a hearing.

### CONCLUSION

Plaintiffs respectfully request that the Court accept this notice of showing good cause and permit this case to proceed forward. However, Plaintiffs respectfully request that the Court grant default judgment in favor of the Plaintiffs and set an evidentiary hearing to establish the amount of damages.

Respectfully,

Tracee Lawson, Pro Se Plaintiff

CC:

**DEFENDANT SUTTON ET AL**

JOSEPH SUTTON, JAY@PLAY, JAY AT PLAY INT'L HONG KONG LIMITED

295 Fifth Avenue, Suite 312

New York, NY. 10016

**DEFENDANT ATTORNEY**

Ezra Sutton, Esq

A Professional corporation

900 Route 9

Woodbridge, NJ

**PLAINTIFF ATTORNEY**

Robert Garcia , Esq

Corporate and Business Law Practice Group

Gilbert Garcia Group P.A.

2313 W. Violet Street

Tampa, Fl 33603

Case No.:  8:16-cv-00403-EAK-TBM

I hereby certify that a true and correct copy of the foregoing was sent via U.S. Priority mail with signature confirmation on this 29th day of June, 2016 to: **DEFENDANT SUTTON ET AL** JOSEPH SUTTON, JAY@PLAY, JAY AT PLAY INT'L HONG KONG LIMITED, 295 Fifth Avenue, Suite 312, New York, NY. 10016 and **DEFENDANT ATTORNEY** Ezra Sutton, Esq., Law Offices, A Professional corporation, 900 Route 9, Woodbridge, NJ 07095.  Also a copy is hand delivered on this 29th day of June, 2016 to: **PLAINTIFF ATTORNEY** Robert Garcia , Esq, Corporate and Business Law Practice Group, Gilbert Garcia Group P.A., 2313 W. Violet Street, Tampa, Fl 33603.

6-29-2016

Tracee Lawson, Pro Se Plaintiff

LAW OFFICES

# EZRA SUTTON, P. A.
A PROFESSIONAL CORPORATION
900 ROUTE 9
WOODBRIDGE, NEW JERSEY 07095

EZRA SUTTON*
JOSEPH SUTTON**
ANTHONY M. MORANO*

*N.J. AND N.Y. BARS
**N.J. BAR AND N.Y. FEDERAL BARS

PATENTS
TRADEMARKS
COPYRIGHTS
LICENSING

(732) 634-3520
FAX: (732) 634-3511
www.ezrasutton.com

February 26, 2016

**Via Email @ Tracee.lawson@yahoo.com**
Ms. Tracee Lawson
2423 E. Okara Road
Tampa, Florida 33612

      RE:    Our File: FRANCO 6.0-005
              Tracee Lawson v. Jay at Play International Hong Kong Limited
              Case No.: 8:16-cv-403

Dear Ms. Lawson:

Our law firm specializes in patent, trademark, and copyright law, and we have been representing Jay at Play and Jay Franco for a number of years.

We have studied the Complaint you filed. First of all, it appears that the events occurred at a Trade Show in Las Vegas in June of 2013, so therefore, the case can be moved from Florida to New York if the case is not resolved.

Second, you also assert claims for **advertising and sales**. Please note that there were **no sales** in the U.S. Also, we have a letter from Jay at Play's ad agency (copy attached as Exhibit A) stating that the ads cost over $17k, and it was the worst response they ever had, so they discontinued advertising it for sale after one week.

Third, we have reviewed your patent (copy attached as Exhibit B), and it does **not cover** the product advertised by JAP. Also, JAP filed a trademark to register JACKET PACKET PET, but the trademark was also dropped because the product did not sell (copy attached as Exhibit C). Also, you never filed a trademark application to register JACKET PACK-IT.

Based on the foregoing, although there was some advertising, it failed, and after one week, the advertising and sales efforts were stopped. Also, there was no patent infringement and no trademark infringement.

Ms. Tracee Lawson
February 26, 2016
Page 2

Therefore, there are no profits or damages to be claimed in your lawsuit, since only losses were incurred. Accordingly, since there were no profits or damages, and since JAP has no intention of selling its different product in the future, this lawsuit should be dropped. If not, we intend to file a motion to dismiss the case.

Sincerely yours,

EZRA SUTTON, Esq.
Attorney for Jay at Play International

ES/mdp
Enclosures

cc: Jay at Play International Hong Kong Limited (via email)

| | |
|---|---|
| **From:** | Joseph A. Sutton <jsutton@jfranco.com> |
| **Sent:** | Thursday, February 25, 2016 2:25 PM |
| **To:** | Ezra Sutton |
| **Subject:** | Fwd: Jacket Packet Summary |

thank you,

Joseph A. Sutton
JayFranco/Jay@Play
T: 212.679.3022 x 132
M:646.413.4138

Email: jsutton@jfranco.com
Skype: jayatplay1

Begin forwarded message:

**From:** Andrew Farrar <af@handsontoys.com>
**Subject: Jacket Packet Summary**
**Date:** February 25, 2016 at 2:16:01 PM EST
**To:** "Joseph A. Sutton" <jsutton@jfranco.com>

Joe,

As I reported to you via e-mail on1/20/15, Jacket Packet was (and remains) the worst performing DRTV product ever launched by Jay at Play.

- Reported TV ad spend $17,333
- Revenue earned was only $3,068
- The Media Efficiency Ratio (Revenue/Spend) was an anemic .18 (we target a minimum .5 to 1.0, and would ideally be in the 1.0-2.0 range).
- The Cost per Unique Visitor was over $12.00 (target of $2.00 to $4.00 per visitor)

We did not drive people to the website. We did not earn enough revenue. After a thorough analysis of all media spent, web-results and order attribution, we could find no recommended pathway to success.

Based on those results and follow up analytics it was our strong recommendation not to proceed.

Please contact me if you have any questions or need any further information.

Andy

1

Andrew Farrar
Principal
Hands On Consulting, LLC
84 Sherman Street
Cambridge, MA 02140

617-250-8592 office
617-250-8594 fax
978-764-7566 cell
af@handsontoys.comhttp://www.handson-llc.com/

**G**G Gilbert Garcia
Group, P.A.

# Gilbert Garcia Group, P.A.
**2313 W. Violet St.
Tampa, FL 33603
Telephone: (813) 638-8945   Facsimile: (813) 443-5089
rgarcia@gilbertgrouplaw.com**

March 10, 2016

**Delivery via Email**

**Ezra Sutton, Esq.
Law Offices Ezra Sutton, P.A.
900 Route 9
Woodbridge, NJ 07095**

      **Re: Tracee Lawson v. Jay at Play International Hong Kong Limited
      Case No.: 8:16-cv-404
      Your File: 6.0-005**

**Dear Mr. Sutton:**

My name is Rob Garcia and I am an attorney with the law firm Gilbert Garcia Group, P.A. I am contacting you to let you know that I and my firm has been retained by Ms. Tracee Lawson to represent her in the above referenced matter.

Ms. Lawson provided me with the background of this matter, together with a copy of the filed complaint and your letter of February 26, 2016.

As you are aware, Ms. Lawson filed her complaint as a Pro Se Plaintiff without the advice and guidance of legal counsel. As such, and in addition to the claims set forth in the complaint, after consultation with Ms. Lawson, it has become fairly clear that other causes of action against your client exist, including intentional patent and trademark infringement and misappropriation, unfair competition and possibly the production of counterfeit goods.

More specifically, Ms. Lawson adopted and began using the mark "Jacket Pack-It" on or in connection with a very unique line of clothing/accessory items as early as February 2007, and filed a patent application for her products in February 2013. Additionally, and as several of the exhibits in the complaint evidence, Ms. Lawson conspicuously used this same mark and the designation "patent pending" for her products at the June 2013 Las Vegas trade show sponsored by Licensing International Merchandising Association ("LIMA"), where she met your client and where your client expressed significant interest in Ms. Lawson's unique line of clothing/accessory items. During her interactions and discussions with your client Ms. Lawson repeatedly and continuously used the name and mark

"Jacket Pack-It" in referring to her products, and continuously referred to her products as "patent pending".

Moreover, given the nature of your client's business, the length of time the business has been operational and its membership and participation in an organization such as LIMA, your client is obviously well versed and knowledgeable in the area of patents and trademarks, and the licensing of both. In fact, one of the main purposes of the June trade show was to match up licensors with potential licensees. Ms. Lawson considered your client one such potential licensee as he visited her booth numerous times during this trade show.

Notwithstanding the foregoing, and the subsequent issuance of a patent to Ms. Lawson for her very unique line of products, your client deliberately and intentionally manufactured and attempted to sell the same product having the same unique features as that covered by Ms. Lawson's patent, and deliberately and intentionally adopted, used, advertised and attempted to federally register the virtually identical mark for these same infringing goods.

As you are well aware, the fact that Ms. Lawson never sought to register her mark with the US Trademark Office is irrelevant as to the issue of ownership and infringement. Ms. Lawson's actual use of the mark "Jacket Pack-It" on or in connection with the goods in question prior to your client's use of the same mark on similar goods gives her superior rights vis-à-vis your client. As you are also aware, the fact that your client may not have profited from this intentionally infringement is irrelevant as to the issue of damages. What is relevant is that it was intentional, which will allow for treble damages and attorney's fees.

As a result of your client's actions, and as set forth in the complaint, Ms. Lawson has been irreparably damaged both in terms of (i) the licensing/royalty revenue your client should have but did not pay based on his manufacture and sale of infringing goods, as well as his use of Ms. Lawson's mark and name, and (ii) the licensing revenue Ms. Lawson has lost based the difficulty, if not outright inability, to obtain licensees for her product directly resulting from the association of her product and the "Jacket Pack-It" name with a product of inferior quality and marketed as a children's toy, which association was reinforced by the significant advertising conducted by your client using the "Jacket Pack-It" name for his product.

As such, should this complaint and litigation move forward, Ms. Lawson will be seeking in excess of $250,000 in the aforementioned damages, which again would be treble based on the willful and intentional nature of your client's actions, as well as attorney's fees. Obviously, to avoid the time and expense of litigation Ms. Lawson would be willing to discuss a possible settlement of this matter on terms mutually acceptable to both parties. If your client has an interest in doing so, and/or there are additional facts bearing on this matter of which I may be unaware that would be beneficial in

resolving this dispute, please let me know.

I thank you for your time and attention in this matter, and I look forward to your immediate response.

Sincerely,

Robert F. Garcia, Jr.

Cc/Ms. Tracee Lawson

*Letter 3*

**Subject:** Fw: Tracee Lawson

**From:** Rob Garcia (rgarcia@gilbertgrouplaw.com)

**To:** tracee.lawson@yahoo.com;

**Date:** Tuesday, April 26, 2016 10:06 AM

FYI-Just sent this out. I will keep you posted.

Rob Garcia, Esq.
Partner
Corporate and Business Law Practice Group
Gilbert Garcia Group, P.A.
**2313 W. Violet Street**
**Tampa, Florida 33603**
Cell: 813-431-5432
Direct: 813-638-8945
Fax: 813-443-5089
rgarcia@gilbertgrouplaw.com

---

**From:** Rob Garcia
**Sent:** Tuesday, April 26, 2016 10:05 AM
**To:** esutton@ezrasutton.com
**Subject:** Tracee Lawson

Mr. Sutton,

First, thank you for taking the time to speak with me several weeks ago in response to my letter of March 10th.

As you will recall, part of our discussion focused on damages, in which you opined that even if, as we allege, your client did infringe my client's intellectual property rights, he did not profit from such infringement and as such there are no damages to be awarded. In response to which I reiterated our position that although your client's "profitability" may be presented as a mitigating factor in awarding damages, the damages we would be seeking consist of (i) the actual sales by your client (the amount of money received by your client from the sale of the infringing product and/or use of the infringing mark), (ii) lost royalties by my client (what my client would have reasonably expected to receive as a royalty from your client's sale of her product and/or use of her mark), (iii) lost sales by my client (potential sales lost by virtue of your client's infringement), and (iv) corrective advertising (what my client will need to spend to mitigate any confusion, past or future, caused by your client's infringement).

Again, I understand the premise underlying our discussion on damages, namely your client's infringement, was purely hypothetical and for settlement discussion purposes only. However, I am confident of our ability to  fairly easily prove infringement by your client, including and especially

that related to my client's mark, as well as his willfulness in doing so, which would allow for treble damages and attorney's fees.

Assuming you are still interested in settling this matter without having to resort to litigation, and as a starting point for our settlement discussions, we respectfully request any and all information you might have related to the actual sales by your client (the amount of money received by your client from the sale of the infringing product and/or use of the infringing mark). We in turn are investigating the potential sales my client lost by virtue of your client's infringement, and will provide you with any supporting documentation shortly.

Mr. Sutton, please be advised that my client has indicated that if we are unable to reach a mutually agreeable and reasonable settlement of this matter she will pursue her claims through the proper legal channels, which again we both know will be both costly and time consuming. As such, we are hopeful of your desire to likewise reach an acceptable resolution and settlement of this matter outside of the courts.

Thank you for your continued time and attention in this matter, and I look forward to hearing from you in response shortly.

Rob Garcia, Esq.
Partner
Corporate and Business Law Practice Group
Gilbert Garcia Group, P.A.
**2313 W. Violet Street**
**Tampa, Florida 33603**
Cell: 813-431-5432
Direct: 813-638-8945
Fax: 813-443-5089
rgarcia@gilbertgrouplaw.com

*Letter 4*

**Subject:** [No Subject]

**From:** Rob Garcia (rgarcia@gilbertgrouplaw.com)

**To:** tracee.lawson@yahoo.com;

**Date:** Thursday, May 5, 2016 3:05 PM

Tracee,

I reached out to Mr. Sutton once more in an attempt to settle this matter. He left me a voice mail message maintaining his position that the goods are not infringing. As we have discussed, regardless of the merits of that claim, I continue to believe we have a stronger claim of trademark infringement and will reiterate that to him when I return his call. I will touch base with you shortly thereafter.

In the meantime, I have attached my invoice for services rendered to date. As you will see, I limited my time to only two hours notwithstanding the fact that I have spent a lot more time on this matter, as I am sure you are aware. As I stated at the outset, my goal was to get you some settlement so as to avoid the time and expense of litigation, and even though I would entertain a contingency fee arrangement, such an arrangement would only be economically feasible if there were significant damages, which at this point does not seem to be the case. Moreover, if we file a new complaint in New York or if they succeed in getting the case moved to New York, which they very well may, you would either need to engage NY counsel on a similar contingency fee basis or pay their fees. In any event-whether we amend the Florida action, or file a new one in NY-there would also be out of pocket costs, including those for "damages" experts, which are not cheap.

If you have any questions on the invoice let me know. Otherwise, I will use part of the retainer as payment.

Again, let me see what I can do with Mr. Sutton by way of settlement. Thanks.

Thanks.

Rob Garcia, Esq.
Partner
Corporate and Business Law Practice Group
Gilbert Garcia Group, P.A.
**2313 W. Violet Street**
**Tampa, Florida 33603**
Cell: 813-431-5432
Direct: 813-638-8945
Fax: 813-443-5089
rgarcia@gilbertgrouplaw.com

___

## Attachments



Cell: 813-431-5432
Direct: 813-638-8945
Fax: 813-443-5089
rgarcia@gilbertgrouplaw.com

---

**From:** Tracee Lawson <tracee.lawson@yahoo.com>
**Sent:** Friday, May 6, 2016 4:21:49 PM
**To:** Rob Garcia
**Subject:** Re:

Hey Rob,

I have the licensing letter book that came in the mail from our organization. The average royalty for 2015 and 2014 is 8.46%. Also the advance that he is suppose to give is an addition to the  royalty for using the name. This information comes from my April 2016 Vol XL No. 4 licensing book.

And I also sent the summons off around 1 pm today. It will be at the N.Y. sheriff's office on Monday.

Thanks
Tracee


Sent from Yahoo Mail on Android

On Fri, May 6, 2016 at 3:28 PM, Rob Garcia <rgarcia@gilbertgrouplaw.com> wrote:

> Tracee,
>
> I spoke with Mr. Sutton and without admitting guilt or wrongdoing, he believes his client would be willing to settle based on the royalties his client should have paid you relative to his use of the same trademark. In this regard, he believes his client made no more that $50,000, but will confirm and provide supporting documents for the final amount. He speculated that a typical royalty (at least that his client typically pays) is 5%. I have no idea if this is accurate. can you confirm and/or check with your organization if this is in fact typical. If this is something you would be interested in pursuing, let me know.
>
> Note also that this would be in addition to any evidence you can provide, such as an affidavit, showing that people who were otherwise interested decided against licensing your product and/or name based on his use of the same name on a similar product. If we are able to

prove this, it would add to the damages. So again, let me know if you have any such evidence.

I look forward to hearing back from when you get a chance. Thanks.

Rob Garcia, Esq.
Partner
Corporate and Business Law Practice Group
Gilbert Garcia Group, P.A.
**2313 W. Violet Street**
**Tampa, Florida 33603**
Cell: 813-431-5432
Direct: 813-638-8945
Fax: 813-443-5089
rgarcia@gilbertgrouplaw.com

---

**From:** Rob Garcia
**Sent:** Thursday, May 5, 2016 3:04:57 PM
**To:** tracee.lawson@yahoo.com
**Subject:**

Tracee,

I reached out to Mr. Sutton once more in an attempt to settle this matter. He left me a voice mail message maintaining his position that the goods are not infringing. As we have discussed, regardless of the merits of that claim, I continue to believe we have a stronger claim of trademark infringement and will reiterate that to him when I return his call. I will touch base with you shortly thereafter.

In the meantime, I have attached my invoice for services rendered to date. As you will see, I limited my time to only two hours notwithstanding the fact that I have spent a lot more time on this matter, as I am sure you are aware. As I stated at the outset, my goal was to get you some settlement so as to avoid the time and expense of litigation, and even though I would entertain a contingency fee arrangement, such an arrangement would only be economically feasible if there were significant damages, which at this point does not seem to be the case. Moreover, if we file a new complaint in New York or if they succeed in getting the case moved to New York, which they very well may, you would either need to engage NY counsel on a similar contingency fee basis or pay their fees. In any event-whether we amend the Florida action, or file a new one in NY-there would also be out of pocket costs, including those for "damages" experts, which are not cheap.

If you have any questions on the invoice let me know. Otherwise, I will use part of the retainer as payment.

Again, let me see what I can do with Mr. Sutton by way of settlement. Thanks.

Thanks.

Rob Garcia, Esq.
Partner
Corporate and Business Law Practice Group
Gilbert Garcia Group, P.A.
**2313 W. Violet Street**
**Tampa, Florida 33603**
Cell: 813-431-5432
Direct: 813-638-8945
Fax: 813-443-5089
rgarcia@gilbertgrouplaw.com



# SHERIFF'S AFFIDAVIT OF SERVICE
**Personal Service**

**Docket #** 8:16CV403T17TBM

**Part Hearing Date**

**Sheriff's Case #** 16018180

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
-----------------------------------------------x

**TRACEE E. LAWSON**

PLAINTIFF(S)

    VS

**JOSEPH A. SUTTON, JAY@PLAY**

DEFENDANT(S)
-----------------------------------------------x

STATE OF NEW YORK}
NEW YORK COUNTY }SS:

I, **KHALILAH RAMSEY**, Deputy Sheriff of the City and State of New York, authorized pursuant to my special duties to serve process, hereby affirm that: I am not a party to this action or proceeding and over 18 years of age. I further affirm that on **5/19/2016**, at approximately **10:30 AM** at **295 5TH AVENUE SUITE 312 NEW YORK, NY 10016** in the borough of **MANHATTAN** , County of **NEW YORK**, I served the annexed: **SUMMONS & COMPLAINT IN A CIVIL ACTION** upon **JOSEPH A. SUTTON, JAY@PLAY**, in the following manner:

**[X] PERSONAL SERVICE**

By delivering to and leaving with, **ZAI YASIN**, a person of suitable age and discretion, who stated she was **ACCOUNTANT** to the defendant, a true copy thereof. Said address is the business of the defendant.

**[X] DESCRIPTION:**

Skin Complexion: **MEDIUM**    Sex: **FEMALE**    Approx. Age: **45**    Height: **5'5"**
Weight: **120 lbs.**    Hair Color: **BLACK**

**[X] MAILING**

On **5/19/2016** I mailed the above mentioned process (es) by first class USPS mail to the defendant at his actual place of business in an envelope bearing the legend **"PERSONAL AND CONFIDENTIAL"** and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the defendant.

Dated: 5/19/2016

**SHERIFF OF THE CITY OF NEW YORK**
**JOSEPH FUCITO**

BY: _____
        **KHALILAH RAMSEY**
        **DEPUTY SHERIFF**
        **SHIELD # 410**

Notary
Sworn before me
this 19 day of May , 20 16

Deborah Stuart
Notary Public State of New York
No. 01ST6082229
Qualified in Bronx County
Commission Expires 10/21/ 2018

OFFICE OF THE SHERIFF OF THE CITY OF NEW YORK
66 JOHN STREET - 13TH FLOOR
NEW YORK, NY 10038



# SHERIFF'S AFFIDAVIT OF SERVICE ON CORPORATION, PARTNERSHIP OR GOVERMENTAL SUBDIVISION

SHERIFF'S CASE # 16018197
DOCKET/INDEX # 8:16CV403T17TBM

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
------------------------------------------------x

**TRACEE LAWSON**

PLAINTIFF

    VS

**JAY AT PLAY INT'L HONG KONG LIMITED**

DEFENDANT/RESPONDENT
------------------------------------------------x

STATE OF NEW YORK}
COUNTY OF NEW YORK} SS:

I, **KHALILAH RAMSEY**, Deputy Sheriff of the City and State of New York, authorized pursuant to my special duties to serve process, hereby affirm that: I am not a party to this action or proceeding and over 18 years of age. I further affirm that on **5/19/2016**, at approximately **10:30 AM** at **295 5TH AVENUE SUITE 312 NEW YORK, NY 10016** in the borough of **MANHATTAN**, County of **NEW YORK**, I served the annexed: **SUMMONS & COMPLAINT IN A CIVIL ACTION** upon **JAY AT PLAY INT'L HONG KONG LIMITED**, in the following manner:

**[X] PERSONAL SERVICE ON CORPORATION, PARTNERSHIP OR GOVERMENTAL SUBDIVISION**

By delivering to and leaving with, **ZAI YASIN**, a true copy thereof. Said person stated she was **ACCOUNTANT** an agent authorized to accept service of legal process.

**[X] DESCRIPTION:**

| | | | |
|---|---|---|---|
| Skin Complexion: **MEDIUM** | Sex: **FEMALE** | Approx. Age: **45** | Height: **5'5"** |
| Weight:**120 lbs.** | Hair Color: **BLACK** | | |

Dated: 5/19/2016

SHERIFF OF THE CITY OF NEW YORK
JOSEPH FUCITO

BY: _____
      KHALILAH RAMSEY
      DEPUTY SHERIFF
      SHIELD # 410

Notary
Sworn before me
this 19 day of Ma , 2016
_____
Deborah Stuart
Notary Public State of New York
No. 01ST6082229
Qualified in Bronx County
Commission Expires 10/21/ 2016

OFFICE OF THE SHERIFF OF THE CITY OF NEW YORK
66 JOHN STREET - 13TH FLOOR
NEW YORK, NY 10038



# SHERIFF'S AFFIDAVIT OF SERVICE ON CORPORATION, PARTNERSHIP OR GOVERMENTAL SUBDIVISION

SHERIFF'S CASE # 16018166
DOCKET/INDEX # 8:16CV403T17TBM

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
-----------------------------------------------x

**TRACEE LAWSON**

PLAINTIFF

    VS

**JAY FRANCO & SONS, INC.**

DEFENDANT/RESPONDENT
-----------------------------------------------x

STATE OF NEW YORK}
COUNTY OF NEW YORK} SS:

I, **KHALILAH RAMSEY**, Deputy Sheriff of the City and State of New York, authorized pursuant to my special duties to serve process, hereby affirm that: I am not a party to this action or proceeding and over 18 years of age. I further affirm that on **5/19/2016**, at approximately **10:30 AM** at **295 5TH AVENUE SUITE 312 NEW YORK, NY 10016** in the borough of **MANHATTAN**, County of **NEW YORK**, I served the annexed: **SUMMONS & COMPLAINT IN A CIVIL ACTION** upon **JAY FRANCO & SONS, INC.**, in the following manner:

**[X] PERSONAL SERVICE ON CORPORATION, PARTNERSHIP OR GOVERMENTAL SUBDIVISION**

By delivering to and leaving with, **ZAI YASIN**, a true copy thereof. Said person stated she was **ACCOUNTANT** an agent authorized to accept service of legal process.

**[X] DESCRIPTION:**

Skin Complexion: **MEDIUM**    Sex: **FEMALE**    Approx. Age: **45**    Height: **5'5"**
Weight: **120 lbs.**               Hair Color: **BLACK**

SHERIFF OF THE CITY OF NEW YORK
JOSEPH FUCITO

Dated: 5/19/2016

BY: _____
              **KHALILAH RAMSEY**
              **DEPUTY SHERIFF**
              **SHIELD # 410**

Notary
Sworn before me
this 19 day of May , 2016

Deborah Stuart
Notary Public State of New York
No. 01ST6082229
Qualified in Bronx County
Commission Expires 10/21/2018

OFFICE OF THE SHERIFF OF THE CITY OF NEW YORK
66 JOHN STREET - 13TH FLOOR
NEW YORK, NY 10038

Letter 6

Tracee Lawson
Sent from Yahoo Mail on Android

On Fri, Jun 17, 2016 at 7:42 AM, Rob Garcia
<rgarcia@gilbertgrouplaw.com> wrote:

> Great. Thanks for the update.
>
> Rob Garcia, Esq.
> Partner
> Corporate and Business Law Practice Group
> Gilbert Garcia Group, P.A.
> **2313 W. Violet Street**
> **Tampa, Florida 33603**
> Cell: 813-431-5432
> Direct: 813-638-8945
> Fax: 813-443-5089
>  rgarcia@gilbertgrouplaw.com
>
> ────────────────────────────────────
>
> **From:** Tracee Lawson <tracee.lawson@yahoo.com>
> **Sent:** Thursday, June 16, 2016 10:54:09 PM
> **To:** Rob Garcia
> **Subject:** Re:
>
> Dear Rob,
>
> I'm waiting to see how they respond to summons, once I hear from Jay Sutton Attorney I will
>  notify you a or if he contact you, notify me and we  can go from there.
>
> Thanks in advance
> Tracee Lawson
>
> Sent from Yahoo Mail on Android
>
> On Tue, May 17, 2016 at 1:29 PM, Rob Garcia
> <rgarcia@gilbertgrouplaw.com> wrote:
>
>> Tracee,
>>
>> Attached is confirmation that we applied your retainer against the invoice I sent you,
>> leaving you with the balance shown on the bottom. Let me know if you have any
>> questions. Thanks.
>>
>> Rob Garcia, Esq.
>> Partner
>> Corporate and Business Law Practice Group
>> Gilbert Garcia Group, P.A.
>> **2313 W. Violet Street**

**Tampa, Florida 33603**
Cell: 813-431-5432
Direct: 813-638-8945
Fax: 813-443-5089
rgarcia@gilbertgrouplaw.com

*Letter 7*

**Subject:** Re: Re:

**From:** Rob Garcia (rgarcia@gilbertgrouplaw.com)

**To:** tracee.lawson@yahoo.com;

**Date:** Tuesday, June 28, 2016 8:51 AM

Thank you very much for the update.

Rob Garcia, Esq.
Partner
Corporate and Business Law Practice Group
Gilbert Garcia Group, P.A.
**2313 W. Violet Street**
**Tampa, Florida 33603**
Cell: 813-431-5432
Direct: 813-638-8945
Fax: 813-443-5089
rgarcia@gilbertgrouplaw.com

---

**From:** Tracee Lawson <tracee.lawson@yahoo.com>
**Sent:** Tuesday, June 28, 2016 8:16:45 AM
**To:** Rob Garcia
**Subject:** Re: Re:

Hello Rob,

Hope all is well, I will be filing Motion between today and Thursday.  Will send you copy as well as defendants. Once all that is submitted, hopefully we can resume negotiation.  I'm going to request a hearing.  For the sake of saving money I'll submit appropriate court documents but will continue to retain your services on negotiations and if it get to litigation will use your firm.

Thanks for your patience.
Tracee Lawson

Sent from Yahoo Mail on Android

On Mon, Jun 20, 2016 at 22:09, Tracee Lawson
<tracee.lawson@yahoo.com> wrote:

> Hello Rob
>
> Just received letter in mail today, the defendants haven't responded yet.  Courts given them to June 30th.
>
> Will keep you posted.  Thanks