**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TRACEE LAWSON,**

    **Plaintiffs,**

v.                                                         **Case No. 8:16-cv-403-T-17TBM**

**JOSEPH A. SUTTON,**
**JAY AT PLAY INT'L HK, LTD.,**
**and JAY FRANCO & SONS, INC.,**

    **Defendants.**

                                                    /

**O R D E R**

THIS MATTER is before the Court on **Defendants' Motion to Set Aside Defaults**[1] (Doc. 30), pro se Plaintiff's response in opposition (Doc. 36), and Plaintiff's construed **Motion for Evidentiary Hearing** (Doc. 32). As explained below, Defendants' Motion is **GRANTED** and Plaintiff's Motion is **DENIED without prejudice**.

**I.**

**A.**

Plaintiff initiated this action for design patent and trademark infringement on February 19, 2016. (Doc. 1). Defendants were served on May 19, 2016. (Docs. 7-9).

On June 16, 2016, the Court ordered Plaintiff to show cause why this action should not be dismissed for lack of prosecution because Defendants had failed to respond to the

---

[1] In support, Defendants submit the Declaration of Ezra Sutton, Esq., and Exhibits attached thereto. (Doc. 31).

complaint and Plaintiff had not promptly moved for entry of default. (Doc. 10). Plaintiff responded to the show cause order on June 29, 2016.[2] (Doc. 11).

On July 12, 2016, counsel appeared on Defendants' behalf and Defendants answered the complaint. (Docs. 12-14). Plaintiff replied to Defendants' affirmative defenses on July 22, 2016. (Doc. 15).

On July 27, 2016, Defendants moved to dismiss the complaint for lack of personal jurisdiction or, in the alternative, to transfer venue to the Southern District of New York. (Doc. 16). Plaintiff opposed the motion. (Docs. 17, 19-20, 25).

On August 15, 2016, the Court ordered Plaintiff to show cause on or before August 22, 2016, why her case should not be dismissed for failing to file a case management report. (Doc. 18).

On September 16, 2016, the Court granted Defendants' request for leave to file a reply to Plaintiff's response to the motion to dismiss. (Doc. 23). Defendants filed their reply on September 28, 2016. (Doc. 24).

On November 4, 2016, the Court construed Plaintiff's response to the order to show cause as a motion for entry of clerk's default and granted the construed motion. (Doc. 26). The Court then denied as moot Defendants' motion to dismiss the complaint / motion to transfer venue. *Id.*

On November 7, 2016, a clerk's default was entered as to each Defendant. (Docs. 27-29). The instant motions followed.

---

[2]Plaintiff's response contains an abbreviated statement of certain chronological events between February 4, 2016 and June 20, 2016.

**B.**

By their Motion, Defendants concede they failed to timely respond to the complaint and/or to timely seek an extension of time to respond to the complaint, but urge that the failure to timely respond was not the result of willful dilatoriness or bad faith, but because there were ongoing settlement negotiations with an oral agreement not to oppose an extension of time if settlement was not consummated.  They further acknowledge that they also failed to formally seek an extension of time from the Court when settlement discussions broke down, but note that they filed their Answer one day after they were formally notified by Plaintiff's counsel that Plaintiff had rejected the settlement offer.[3]  Thus, Defendants urge good cause exists for setting aside the defaults given the settlement negotiations, their belief that Plaintiff would not move for default under those circumstances, their meritorious defenses to this action, and their failure to respond to the complaint in a timely manner was not willful. Defendants further urge that Plaintiff will not be prejudiced if the defaults are set aside because discovery has not begun and there is no scheduling order in place.  (Doc. 30).

In response, Plaintiff again recounts a phone call with counsel for Defendant Sutton who was seeking her agreement "for an extension on the default", which she denied.[4]  (Doc.

---

[3] The supporting declaration by attorney Ezra Sutton contains a time-line of communications between counsel between March 2016 and August 2016 reflecting counsels' efforts at settlement.  (Docs. 31, 31-1).

[4] As in her construed Motion, Plaintiff again contends that defense counsel misrepresented to her that her counsel, Mr. Garcia, gave them permission for an extension. She points out that Mr. Garcia, who has advised her throughout but is not representing her before this Court, denied he gave such permission.

3

36).  She continues to urge the Court to deny the Motion and requests the Court enter final default judgment against all Defendants.  *Id.*

By her construed Motion, Plaintiff complains that, contrary to Defendants' assertion, the attorney that assisted her in the negotiations early on (but who was not "officially" representing her) did not give Defendants permission for an extension "on a default."  She requests an evidentiary hearing and an order requiring defense counsel to communicate with her in writing only.  Concerning her request for a hearing, she states, "Plaintiff respectfully request[s] that the Court grant in favor of the Plaintiff and set an evidentiary hearing to establish the amount of damages." (Doc. 32 at 5).

**II.**

Whether to set aside an entry of default is within the discretion of the trial court. *Robinson v. U.S.,* 734 F.2d 735, 739 (11th Cir. 1984).  The court may "set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  "Good cause" is a liberal, elastic standard that does not have a precise formula.  *Compania Interamaricana Export-Import, S.A. v. Compania Dominica De Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (citation omitted).  Factors relevant to the determination include whether the defaulted party was culpable or willful in their conduct, whether setting aside the default would prejudice the opposing party, and whether the defaulted party does not appear to have a meritorious defense.  *Id.* at 951 (citation omitted).  Additional factors to consider include whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default.  *Id.*

The standard imposed on the defaulting party for setting aside an entry of default is different from and less burdensome than the standard for setting aside a default judgment. *EEOC v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524. 528 (11th Cir. 1990). District courts in this circuit have required a showing that: "(1) there was excusable neglect on the part of the defaulting party for not answering the complaint; (2) the defaulting party responded promptly after notice of the entry of default; (3) setting aside the default will not prejudice the non-defaulting party; and (4) the defaulting party had a meritorious defense." *Woodbury v. Sears, Roebuck & Co.*, 152 F.R.D. 229, 236 (M.D. Fla. 1993).

"When it is uncertain whether good cause exists, courts generally have found it appropriate for trial judges to exercise their discretion in favor of setting aside defaults so that cases may be decided on their merits." *Theiss v. Giove Law Office, P.C.,* No. 8:08-cv-356-T-17MSS, 2008 WL 2323911, at *3 (M.D. Fla. June 5, 2008) (citing William H. Danne, Jr., Annotation, WHAT CONSTITUTES "GOOD CAUSE" ALLOWING FEDERAL COURT TO RELIEVE PARTY OF HIS DEFAULT UNDER RULE 55(C) OF FEDERAL RULES OF CIVIL PROCEDURE, 29 A.L.R. Fed. 7 (1976)).

### III.

Upon my consideration, Defendants demonstrate adequate good cause to set aside the clerk's defaults entered in this case. Defendants' conduct is fairly characterized as excusable neglect rather than willful or culpable misconduct as evidenced by attorney Sutton's Declaration and, in particular, emails exchanged between counsel which clearly

reflect the parties' efforts, albeit unsuccessful, at settlement.[5] Plaintiff makes no claim that such representations regarding efforts to settle the matter outside of court are inaccurate or untrue. Nor does she counter Mr. Sutton's understanding that during the settlement discussions, no response to the Complaint was necessary. She does take umbrage at an apparent misrepresentation by one defense counsel, but by my consideration this "fabrication," if true, does not require a different result. It simply does not detract from the fact that negotiations were ongoing up until shortly before Defendants' offer was rejected and their Answer was filed and during that period counsel believed default was then off the table. And, while Plaintiff may disagree, Defendants set forth arguably meritorious defenses.

Undoubtedly, Defendants should have better documented any agreements with Plaintiff during the settlement discussions and otherwise sought appropriate extensions from the Court. However, Defendants make a reasonable argument that there were ongoing good faith efforts at settlement, during an early stage of these proceedings. They claim arguable defenses and there is no demonstration of significant prejudice to Plaintiff should the default

---

[5]For instance, in emails from April and May 2016, counsel for the parties continue to discuss settling the matter "outside the courts." (Doc. 31-1 at 9. In the May 11, 2016 email from Plaintiff's counsel, counsel advised defense counsel that he was still waiting to hear from his client and he closed by stating, he wanted to "reiterate our desire to settle this outside of litigation." (Doc. 31-1 at 19). In a July 6, 2016 email, defense counsel advised Plaintiff that he had received her June 30, 2016 package of documents, including an Affidavit of Service and he provided Plaintiff with Defendants' Answer. An Amended Answer was filed with the Court July 12, 2016, the day following Plaintiff's counsel's email advising Plaintiff had rejected the settlement offer (*Id.* at 26).

Moreover, Mr. Sutton avers that there were numerous telephone exchanges in May and June 2016 also in pursuit of settlement, and he contends there was an understanding that during this period of time, it was not necessary for Defendants to respond to the Complaint.

6

be vacated. Notably, Plaintiff does not allege specific prejudice, nor does she allege or demonstrate willful or bad faith misconduct by Defendants.

Accordingly, **Defendants' Motion to Set Aside Defaults** (Doc. 30) is **GRANTED**, and the Clerk is directed to **VACATE** the defaults (Docs. 27-29). In light of this ruling and because final default judgment has not been entered, Plaintiff's construed **Motion for Evidentiary Hearing** (Doc. 32) is **DENIED without prejudice**.

For the same reasons, it is **RECOMMENDED** Plaintiff's Motion for Final Default Judgment (Doc. 33) be **DENIED as moot**.

Regarding Defendants' request that their Answer (Doc. 12) be reinstated, it does not appear the Answer was ever stricken and thus the request is **DENIED**. To the extent Defendants seek to have the motion to dismiss (Doc. 16) reinstated, that request is also **DENIED**. If Defendants wish to assert any additional defenses, Defendants shall file a motion within fourteen (14) days of the date of this Order.

**Done and Ordered** at Tampa, Florida, this 4th day of January 2017.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record
Unrepresented parties